UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JOSHUA WITHEE, ) <br> Defendant. ) <br> ) | CR. No. 18-163-JJM-LDA |

ORDER

Joshua Withee has petitioned this Court under 28 U.S.C. § 2255 to vacate two counts of his judgment of conviction, entered after he pleaded guilty to a four-count Information. (ECF Nos. 20, 21). Mr. Withee bases his motion on two United States Supreme Court cases: *Rehaif v. United States*, 139 S. Ct. 2191 (2019) as it relates to the felon in possession charge, and *United States v. Davis*, 139 S. Ct. 2319 (2019) as it relates to the possession of a firearm in furtherance of drug trafficking charge. The Court has determined that no hearing is necessary.

FACTS

Mr. Withee pleaded guilty to a four-count Information– possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). In exchange for his guilty plea, the government promised to recommend to the Court a total period of incarceration of 96 months (his guideline

range was 262 to 327 months, his total possible time of incarceration was 55 years). The government also agreed to drop a charge of possession with intent to distribute 28 grams or more of cocaine base, declined to seek a ten-year mandatory minimum sentencing enhancement under a previously filed amended Information, and moved to dismiss a pending indictment. The Court imposed a sentence of 96 months of incarceration.

Mr. Withee filed a Motion to Vacate (ECF Nos. 20, 21) and the government responded. ECF No. 22. Mr. Withee argues that the United State Supreme Court in *Rehaif* determined that the government must now prove the he knew both that he possessed a gun and that he was a felon. He asserts that he did not have the requisite knowledge to be found guilty of the felon in possession charge. He also alleges that the United States Supreme Court in *Davis* held that the term crime of violence in § 924 is unconstitutionally vague.

## LAW

### A.   Section 2255

Section 2255 provides for post-conviction relief only if the court sentenced a petitioner in violation of the Constitution or lacked jurisdiction to impose the sentence, if the sentence exceeded the statutory maximum, or if the sentence is otherwise subject to collateral attack. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). In trying collaterally to attack his sentence, the petitioner bears the burden of proving "exceptional circumstances" that call for redress under § 2255. *See Hill v. United*

2

*States*, 368 U.S. 424, 428 (1962); *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980). For example, an error of law must be a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill*, 368 U.S. at 428; *accord David*, 134 F.3d at 474.

    B.    Procedural Default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

"Cause" consists of "some objective factor external to the defense[.]" *Carrier*, 477 U.S. at 488; *see also Coleman*, 501 U.S. at 753 (noting that, in *Carrier*, "[w]e explained clearly that 'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him"). To show "prejudice", the "habeas petitioner must show 'not merely that the errors ... created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)) (alteration in original); *see also Derman v. United States*, 298 F.3d 34, 45 (1st Cir. 2002) ("The showing of prejudice needed to cure a procedural default generally requires a habeas petitioner to demonstrate that there is a reasonable probability

3

that the result of the trial would have been different absent the error.") (internal citations and quotation marks omitted). The petitioner must show both cause and prejudice. *Carrier*, 477 U.S. at 494; *Derman*, 298 F.3d at 45 (noting that petitioner bears burden of showing both cause and prejudice).

The "actual innocence" standard established by the Supreme Court in *Carrier* "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). To show the requisite probability, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

C.  Post-Guilty Plea

The Supreme Court has severely limited a petitioner's ability to attack collaterally a conviction based on a knowing and voluntary plea. *Id.* at 621 (a voluntary and intelligent guilty plea made by a defendant advised by competent counsel cannot be collaterally attacked).

> [The United States Supreme Court] ha[s] strictly limited the circumstances under which a guilty plea may be attacked on collateral

4

> review. It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.

*Id.* (internal citations and quotation marks omitted); *see also Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("It is a bedrock principle that, under ordinary circumstances, the voluntariness of a guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to the extent that, the plea has been challenged on direct appeal.").

## ANALYSIS

As noted above, Mr. Withee filed no direct appeal. Thus, he has procedurally defaulted on his claims. *Bousley*, 523 U.S. at 621; *Oakes*, 400 F.3d at 95 ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."). Moreover, he did not raise these substantive objections before or during his plea. Mr. Withee's motion may go forward despite his default if he can show either "(i) that there is cause for the default and actual prejudice resulting from it, or (ii) that he is actually innocent of the offense of conviction." *Oakes*, 400 F.3d at 95; *see also Bousley*, 523 U.S. at 622.

A. Actual Cause and Prejudice

Mr. Withee has not shown the "cause" needed to excuse his procedural default in not raising either his *Rehaif* or *Davis* claims before or during his plea proceeding or on direct appeal. That these Supreme Court decisions came down after he was sentenced or that circuit precedent was to the contrary when he was sentenced, does not demonstrate "cause." *See Bousley*, 523 U.S. at 622-23.

Moreover, Mr. Withee has not shown "prejudice." As applied in the context of a guilty plea, determining prejudice turns on whether there is a reasonable probability that Mr. Withee would have insisted on going to trial rather than pleading guilty had he known about either *Rehaif* or *Davis* at the time of his plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The record shows that Mr. Withee would not have gone to trial even if he had been aware of *Rehaif* or *Davis* when he pleaded.

*Rehaif* requires the government to show that at the time of the offense, Mr. Withee knew that one or more of his prior offenses was "punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1). *See Rehaif*, 139 S. Ct. at 2195-97. There are at least two reasons suggesting that *Rehaif* would not have changed Mr. Withee's decision to plead guilty. First, the record makes clear that Mr. Withee was aware of his felony convictions. Second, as part of the government's plea agreement with Mr. Withee, the government agreed to dismiss a pending indictment and forgo the opportunity for added mandatory sentencing. The benefit that Mr. Withee stood to receive from his plea agreement supports the conclusion that Mr. Withee would have still pleaded guilty despite *Rehaif*.

6

Like *Rehaif,* the Supreme Court's opinion in *Davis* would not have altered Mr. Withee's decision to plead guilty either. *Davis* holds that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3) is unconstitutionally vague. *See Davis,* 139 S. Ct. at 2325-27. However, *Davis* does not affect the definition of "drug trafficking crime" in 18 U.S.C. § 924(c)(2). Mr. Withee's prior drug trafficking crimes triggered the charge under 18 U.S.C. § 924(c)(1), not any alleged prior crime of violence. Because *Davis* would not have prevented the government from convicting Mr. Withee at trial and due to the benefits provided by the plea agreement, Mr. Withee would likely not have changed his mind about pleading guilty.

As neither *Rehaif* nor *Davis* would have changed Mr. Withee's decision to plead guilty, Mr. Withee cannot show the actual prejudice necessary to litigate his procedurally barred claim.

B. Actual Innocence

Mr. Withee does not argue that he can establish "actual innocence." He has supplied no "new evidence" of his innocence, as required by the Supreme Court. *See Schlup,* 513 U.S. at 324. Mr. Withee has no claim of actual innocence based on the argument that the elements of felon in possession of a firearm in furtherance of drug trafficking are not present in his case post-*Rehaif* and *Davis.* Even if, for purposes of argument only, that *Rehaif* and *Davis* redefined the elements of the crime, Mr. Withee's argument goes to legal sufficiency, not factual innocence. *See Bousley,* 523 U.S. at 623 (stating that "'actual innocence' means factual innocence, not mere legal insufficiency"); *Sawyer,* 506 U.S. at 339 (noting that actual innocence, or

7

fundamental miscarriage of justice exception "is concerned with actual as compared to legal innocence"). Mr. Withee has supplied no evidence that he is *factually* innocent of these crimes.

## CONCLUSION

Mr. Withee's claim has been procedurally defaulted. The Court therefore DENIES the Motion to Vacate his conviction. ECF No. 20, 21.

## RULING ON CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court finds that this case is not appropriate for issuing a certificate of appealability, because Mr. Withee has failed to make a substantial showing of the denial of a constitutional right on any claim, as required by 28 U.S.C. § 2253(c)(2).

Mr. Withee is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal here. *See* § 2255 Rule 11(a).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

Date: May 20, 2020